IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT R.,[1]   No. 6:23-cv-00651-HZ

        Plaintiff,   OPINION & ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Katherine L. Eitenmiller
Mark A. Manning
Wells, Manning, Eitenmiller & Taylor, P.C.
474 Willamette Street
Eugene, Oregon 97401

    Attorneys for Plaintiff

Kevin Danielson
Assistant United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Shata Stucky
Social Security Administration
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

    Attorneys for Defendant

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Robert R. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court reverses the Commissioner's decision and remands this case for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on November 27, 2018, alleging an onset date of November 9, 2008. Tr. 503-04.[2] Plaintiff's date last insured ("DLI") is March 31, 2014. His application was denied initially and on reconsideration. Tr. 339, 348. On November 10, 2020, Plaintiff amended his alleged onset date to August 1, 2012, the date on which the Veterans Administration determined he was 100 percent disabled. Tr. 543.

On March 1, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 286-338. On March 18, 2022, the ALJ found Plaintiff not disabled during the closed period of August 1, 2012, through March 31, 2014, and, therefore, not entitled to benefits. Tr. 18-28. The Appeals Council denied review. Tr. 1-7. On May 3, 2023, Plaintiff appealed the ALJ's decision to this Court.

## FACTUAL BACKGROUND

Plaintiff alleges disability during the relevant period due to post-traumatic stress disorder ("PTSD"), "memory loss/ability to focus, weakness in ankles due to metal plate/screws/arthritis," and "knee arthritis/pain." Tr. 558. At the time of his amended alleged onset date, Plaintiff was 43

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 5.

2 – OPINION & ORDER

years old. Tr. 503. Plaintiff has college degree. Tr. 559. Plaintiff has past relevant work experience as a pest control technician. Tr. 26.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, the claimant is not

disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. § 404.1520(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the relevant period. Tr. 18. At steps two and three, the ALJ determined that during the relevant period Plaintiff had the following severe impairments: "osteoarthritis; status-post reconstruction of a weight bearing joint; obesity; depression; anxiety; and trauma and stress related disorder." *Id*. The ALJ, however, determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment during the relevant period. Tr. 19. The ALJ concluded that during the relevant period Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(b) except:

> [He] was able to occasionally operate foot controls with his right lower extremity. He must never have been required to climb ladders, ropes, or scaffolds, but he was able to occasionally climb ramps and stairs, kneel, and crawl. He was able to frequently stoop and crouch. He was further limited in that he must have avoided all use of moving and/or dangerous machinery, all exposure to unprotected heights, and all driving of commercial vehicles. He was further limited to work in a low stress job, defined as not requiring the worker to cope with work related circumstances that could be dangerous to the worker or others. [Plaintiff] was able to maintain sufficient attention and concentration for extended periods of two-hour segments during a normal workday with normal breaks, but only in work that consists of no more than simple, routine, repetitive tasks. He was further limited to work that requires no more than occasional interaction with the public, coworkers, and supervisors, and to work that requires no more than occasional supervision, which is defined as requiring a supervisor's critical checking of his work.

Tr. 21. At step four, the ALJ concluded that during the closed period Plaintiff could not perform his past relevant work. Tr. 26. At step five, the ALJ found that Plaintiff could perform other work in the national economy during the relevant period. *Id*. The ALJ, therefore, concluded that Plaintiff was not disabled during the relevant period. Tr. 27.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)(internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's")(internal quotation marks omitted).

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected the opinions of Drs. Steve Rubin, Ph.D., and Rex Turner, Ph.D.; (2) partially rejected Plaintiff's testimony; and (3) failed to address the lay witness statement of Plaintiff's wife, Michelle R.[3]

---

[3] Because the Court concludes the ALJ's error regarding physician's opinions is

5 – OPINION & ORDER

I.      **Medical Opinion Evidence**

For claims filed on or after March 27, 2017, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

---

dispositive, the Court does not address Plaintiff's other arguments.

A.   Dr. Turner

On November 12, 2010, Plaintiff underwent a "Psychiatric C&P Examination" with Dr. Turner for the Veteran's Administration. Dr. Turner administered the Folstein Mini-Mental State Exam ("MMSE"), Beck Depression Inventory, Beck Anxiety Index, and a PTSD Questionnaire. The MMSE showed "some indication of acquired cognitive impairment with attention and calculation tasks (serial 7's), and [Plaintiff's] score compared unfavorably with other adults of his norm-referenced group." Tr. 938. The Beck Depression Inventory indicated "severe depression, medicated" and Plaintiff's Beck Anxiety Index reflected "moderately severe anxiety." Tr. 940. Dr. Turner noted Plaintiff's "thinking has become clouded with depression and constant anxiety/worry. He admits to daily, nearly continuous ruminative thinking about things that could go wrong. . . . His thinking patterns were definitely depressogenic and rather helpless/defeated." Tr. 943. Plaintiff had "decidedly reduced reliability and productivity due to [the] Mental Disorder signs and symptoms" set out by Dr. Turner. *Id.* Dr. Turner noted: "[Plaintiff's] current behavioral routine and extreme anxiety and avoidance have made employment in any conventional sense impossible for him. . . . Thus, . . . on balance, the Objective Findings support [Plaintiff's] contention about the disabling effects of psychiatric illness in terms of chronic unemployment. Tr. 937.

The ALJ did not find Dr. Turner's opinion to be persuasive on the grounds that it was not supported by the longitudinal record or his "treatment notes which show[] that [Plaintiff] is fully functional, and he is fully capable of his activities of daily living." Dr. Turner, however, never treated [Plaintiff], he was an examining physician. In addition, the record reflects that throughout the relevant period, Plaintiff presented with a constricted, sad, and anxious affect. *See, e.g.,* Tr. 1262, 1249, 1233, 1224, 1194, 1152, 1142. He isolated from others and experienced

anger issues and panic attacks in public. *See, e.g.,* Tr. 1222-23, 1174, 1160, 1151, 1140, 1125, 1117. He appeared anxious and fatigued and was "faintly inappropriate." *See, e.g.,* Tr. 1232, 1224, 1193, 1184, 1175, 1162-63, 1152, 1123, 1122, 1118. The Court concludes the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for partially rejecting Dr. Turner's opinion.

  **B.**  **Dr. Rubin**

    At the March 1, 2022, hearing Dr. Rubin was called as a medical expert and testified that although the record did not contain "an exhaustive amount of evidence," there was "sufficient medical evidence" related to the relevant period "to establish the presence of a medically determinable psychological impairment." Tr. 316. Dr. Rubin testified that during the relevant period Plaintiff had moderate limitations in his ability to interact with others; in responding appropriately to supervisors, coworkers, or the public; in maintaining "sufficient attention and concentration for extended periods of two-hour segments during a normal workday with normal breaks"; and had mild limitations in concentration, persistence, pace, and adapting or managing himself. Tr. 321-24. Dr. Rubin also testified that Plaintiff would "very definitely" have had "absenteeism as a result of [his] underlying mental health issues" during the relevant period. Tr. 329. Dr. Rubin noted that during the relevant period Plaintiff "was dealing with pain as a major issue, and pain on ankle, pain on his leg, . . . and . . . combined with the psychological" limitations Plaintiff "certainly might [have resulted in] more than two or three days a month" that he would have been absent from work. Tr. 330.

    The ALJ found Dr. Rubin's opinion was "broadly consistent with the evidence and somewhat supported by his review of the record" and found it to be "generally persuasive in regard to the B-criteria domains except the domain regarding concentration." Tr. 25. The ALJ

stated "[t]here is no evidence that [Plaintiff] has difficulty staying on task during medical evaluations or required significant redirection. [Plaintiff] is able to operate a motor vehicle which suggest [*sic*] robust concentration in the dynamics of the roadway." *Id.* The ALJ, however, did not address Dr. Rubin's opinion that Plaintiff would have been absent from work two or three days per month or point to any medical opinion in the record that contradicts Dr. Rubin's opinion on that issue. In fact, Dr. Turner's opinion regarding Plaintiff's symptoms and ability to perform work is consistent with Dr. Rubin's opinion. The Court, therefore, concludes the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. Rubin's opinion about Plaintiff's absenteeism during the relevant period. *See, e.g.*, *Brandon F. v. Berryhill*, No. 3:18-CV-00195-SB, 2019 WL 1607668, at *9 (D. Or. Feb. 27, 2019), report and recommendation adopted, No. 3:18-CV-00195-SB, 2019 WL 1601348 (D. Or. Apr. 14, 2019)(remanding for immediate benefits after concluding the ALJ erred when he did not provide sufficient reasons supported by evidence in the record for rejecting physician's opinion that the plaintiff "might be absent 2 days a month due to periodic decompensation")

### III.     Remand

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Generally, the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Strauss v. Comm'r*, 635 F.3d 1135, 1137 (9th Cir. 2011). The Ninth Circuit, however, has established a limited exception to this

general rule. *Id.* at 1138. Under the limited exception, the Court must grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

The Court has determined the ALJ erred when he improperly rejected Dr. Rubin's opinion regarding Plaintiff's absenteeism during the relevant period. The VE testified that employers "customarily tolerate" no more than one or two days per month of absences from work and that "exceeding these customary limits on a regular basis eliminate[s] all jobs in the competitive workplace." Tr. 336. The ALJ did not reject the VE's testimony. After giving Dr. Rubin's opinion the effect required by law together with the VE's testimony about absenteeism tolerated by employees, the Court finds Plaintiff cannot work on a regular and continuing basis and, therefore, is disabled. *See* 20 C.F.R. §§ 404.1545(b), 416.945(b)(RFC is ability to work on "regular and continuing basis"). *See also* SSR 96-8p ("regular and continuing basis" is "8 hours a day, for 5 days a week, or an equivalent work schedule"). *See also Michael S. v. Soc. Sec. Admin.*, No. 1:22-CV-00197-AA, 2023 WL 5934598, at *3 (D. Or. Sept. 12, 2023)(noting "[r]emand for benefits is appropriate where the [VE] concludes that an individual with the claimant's limitations would be unable to perform competitive employment, and that testimony is not properly credited" and remanding for an award of benefits)(citing *Smith v. Saul*, 820 F. App'x 582, 586 (9th Cir. 2020)). The Court, therefore, concludes this matter should not be

remanded for further proceedings. Accordingly, the Court remands this matter to permit the Commissioner to calculate and to award benefits.

## CONCLUSION

For these reasons, the Commissioner's decision is REVERSED and REMANDED for immediate payment of benefits.

IT IS SO ORDERED.

DATED: _____July 5, 2024_____

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER